JAMES WILSON *vs.* JAMES FOOT.

When a note is signed by several promisors, though part of them are sureties for the other, yet if that does not appear on the face of the note, the promisee does not discharge the sureties, by giving time to the principal debtor, unless he has knowledge, at the time of so doing, that they were sureties: And such knowledge is not to be presumed in favor of the sureties, but must be proved.

ASSUMPSIT on the following note : " Pittsfield, 16th October 1837.   One year from date, for value received, we jointly and severally promise to pay to James Wilson, or bearer, five hundred dollars and interest.            Lemuel Green.

Henry Root.

James Foot.

Levi Bebee."

At the trial in the court of common pleas, before *Wells,* C. J. after the plaintiff had proved the execution of the note, the defendant offered to prove that he, with Henry Root and Levi Bebee, was a surety on the note ; that previously to the time when the note became payable, said Root and the defendant had a conversation, and Root agreed to see that Green (the maker of the note) should have the money and pay the note at maturity ; that Root did assist Green in obtaining the money, and that when the note became payable, Green went, with the money, to the plaintiff, and told him he had come to take up the note, and offered so to do ; that the plaintiff thereupon said he did not want the money, that he had no use for it, that he liked the note, and if Green would let it run longer, and use the money himself, the plaintiff would give him four **weeks'** notice before he would call **on** him for payment ; that Green agreed to keep the money and use it on these terms ; that neither Green nor the plaintiff gave the sureties any notice that the note was not paid,

for several years; that Green, when the note became payable, was solvent, and that the sureties had no notice that the note was unpaid, until after Green had become insolvent; that the plaintiff called on said Bebee and Root, and agreed that, in consideration of their letting him have a certain amount of money, he would give them a receipt therefor, and not indorse it on the note, and that he would not call on them, for a year or two, for the money on the note; and that, in the mean time, he would commence a suit against the defendant, without making any indorsement, upon the note, of the sums paid by said Root and Bebee; and that this suit was accordingly commenced.

The judge ruled that these facts, if proved, would not constitute a defence to this action. A verdict was returned for the plaintiff, and the defendant alleged exceptions to the judge's ruling.

*Merwin,* for the defendant. Though a surety is not discharged by mere delay of the creditor to call on the principal debtor for payment, yet if the creditor give time to such debtor, in pursuance of a valid agreement, the surety is discharged. Story on Bills, §§ 425 – 427, and cases there cited. The plaintiff's request that Green would keep and use the money, and his promise to give Green four weeks' notice, before calling on him for payment, constituted a good and sufficient consideration for Green's keeping the money. See 2 Kent Com. (3d. ed.) 465. *Greely* v. *Dow,* 2 Met. 176. *Gould* v. *Robson,* 8 East, 576.

*H. Hubbard & Colt,* for the plaintiff. The evidence which was offered at the trial would not have shown such an agreement of the plaintiff to give time to Green, as would have barred an action brought immediately afterwards by the plaintiff against him. There was no consideration for the agreement which the defendant offered to prove.

Besides; the offered evidence would not have proved that the plaintiff knew that the three last signers of the note were sureties of Green, nor that Root and Bebee had made provision for the payment of the note by him. Therefore it would

not have shown any bad faith, on the plaintiff's part, towards the sureties.  See *Commercial Bank* v. *French*, 21 Pick. 489.

HUBBARD, J.   Upon the facts offered to be proved, the defendant contends, that the plaintiff, the promisee of the note declared on, entered into an agreement with the promisor to extend the time of its payment, by reason of which the defendant, who was a surety only, is discharged ; the principal having subsequently become insolvent.

It is admitted that mere delay and indulgence on the part of the creditor will not discharge a surety.   To effect such a discharge, there must be a binding agreement between the creditor and the principal debtor, that he will not proceed against him, which agreement can be enforced at law.

Whether the facts offered to be proved in the present case would constitute such an agreement, or whether there was any such consideration moving between the parties, as the law would sustain, are questions perhaps not wholly free from doubt.   But there being another ground upon which the case may be determined, we do not judge it necessary to settle whether the facts, if proved, would constitute a good defence.

We are of opinion that the defendant cannot prevail in his defence, because the fact, that the three signers of the note with Green were merely sureties, does not appear to have been known to the plaintiff.   The note disclosed no such relationship, and no evidence was offered to prove a knowledge of it by the plaintiff.   And such knowledge is not to be presumed in favor of the defendant.   If he relies upon the fact, he must prove its existence.

The parties are to be treated agreeably to the circumstances in which they have represented themselves to stand, viz. as joint principals.   The holder of the note had a right to treat them as such, as they had disclosed, upon the contract, no other relation.

As all the signers of the note stand in the light of joint principals, the agreement offered to be proved between Green and the plaintiff can have no effect to discharge the other joint promisors.   An agreement not to call upon one joint promisor,

whether for a limited time, or not at all, although expressed in the form of a covenant not to site, will not avail the other promisors. Such an agreement or covenant is merely personal, upon which the party might have his separate remedy in case of a breach of it. It cannot be pleaded nor offered in defence, as a release, by the other principals. Story on Bills, § 430. *Oxford Bank* v. *Haynes,* 8 Pick. 423.

To bind the holder of a note to the legal consequence of discharging the sureties to it, by acts of forbearance and agreement not to sue the principal, he must have a knowledge of the relation in which he stands, before he shall be thus affected, if, upon the contract itself, the parties hold themselves out as principals.

As between the promisors themselves, a different rule prevails. When one of them is sued, he may prove that he was a surety, though the fact that he was such does not appear upon the note, and had not been communicated to a co-surety; because the obligation to contribute is not the result of a contract between them, but rests upon the legal liabilities growing out of such relation.

*Exceptions overruled.*